UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLA LYNNE CAMPBELL obo KDC,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-cv-2501-KJN<br><br>ORDER |

Plaintiff commenced this social security action on November 29, 2017, and Defendant filed an answer on June 25, 2018. (ECF Nos. 1, 9.) On March 7, 2019, Defendant filed a stipulation to remand to the agency for further administrative proceedings, which the court ordered on March 11. (ECF Nos. 19, 20.)

Thereafter, Plaintiff filed the instant motion for attorneys' fees. (ECF No. 22.) Defendant opposes, contending that "special circumstances make an award of fees unjust," and that the fee request is unreasonable. (ECF No. 24.)

After carefully considering the parties' briefing, the court's record, and the applicable law, the Court GRANTS IN PART Plaintiff's motion for EAJA fees.

///

///

1

**Legal Standard**

The Equal Access to Justice Act ("EAJA") provides for an award of fees, other expenses, and costs to a prevailing plaintiff in an action for judicial review of the Social Security Administration's actions "unless the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also sub. (B) (the prevailing, eligible party "shall also allege that the position of the United States was not substantially justified."). The Supreme Court has defined "substantial justification" as:

> justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. [This standard] is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Pierce v. Underwood, 487 U.S. 552, 565 (1988). A position does not have to be correct to be substantially justified; rather, the standard is satisfied if there is a "genuine dispute." Id. at 565 and 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining the reasonableness of the government's position under the 'totality of the circumstances' test, the district court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. § 2412(d)(1)(B); Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001). The government has the burden of demonstrating that its position was substantially justified, but its failure to prevail does not raise a presumption that its position was not substantially justified. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

As to the amount to award, the EAJA directs that any fee must be reasonable. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the district court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The applicant must present "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." § 2412(d)(1)(B). An increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148–49 (9th Cir. 2001); see also Thangaraja v. Gonzales,

428 F.3d 870, 876-77 (9th Cir. 2005) (holding that the cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress); Ninth Circuit Rule 39–1.6 and Notice re: EAJA rates (available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039).

EAJA fee applications are due "within thirty days of final judgment," which is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G).

The district court may, in its discretion, "reduce the amount to be awarded" or "deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C); Outdoor Sys., Inc. v. City of Mesa, 997 F.2d 604, 619 (9th Cir.1993) (Under Hensley, a district court may "disallow any fees for time spent litigating the case after the last benefit won from the Defendant.").

**Parties' Arguments**

Plaintiff asserts she was the prevailing party, having obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Plaintiff also asserts that Defendant's position was not substantially justified, given that Defendant voluntarily stipulated to a remand based on the ALJ's failure to comply with Acquiescence Ruling 04–01(9). (See ECF No. 22.)

Defendant does not dispute Plaintiff's claims regarding her prevailing party status and the lack of substantial justification. Instead, Defendant contends that special circumstances make an award of EAJA fees unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant notes that Plaintiff's motion for summary judgment was late by almost six months due to counsel's lack of diligence, that the Court imposed monetary sanctions on Plaintiff for failing to respond to an OSC (which Plaintiff ignored for an additional three months), and that Defendant ultimately stipulated to remand. (See ECF No. 24.)

Plaintiff did not respond to Defendant's "special circumstances" contentions.

///

**Analysis**

The EAJA grants a court the power to reject an award of attorneys' fees if the court finds that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Ninth Circuit has held that special circumstances are present when the government argues for 'a novel but credible extension or interpretation of the law,' when its action concerns an issue on which 'reasonable minds could differ,' or when the action involves an 'important and doubtful question[.]'" Orantes-Hernandez v. Holder, 713 F. Supp. 2d 929, 955–56 (C.D. Cal. 2010) (quoting Hoang Ha v. Schweiker, 707 F.2d 1104, 1106 (9th Cir. 1983); League of Women Voters of California v. FCC, 798 F.2d 1255, 1260 (9th Cir.1986); and Minor v. United States, 797 F.2d 738, 739 (9th Cir. 1986)). If denying fees for special circumstances, the Ninth Circuit counsels that the district court should "articulate its reasoning, identify[] any special circumstances and explain[] why they render an award unjust." Herrington v. County of Sonoma, 883 F.2d 739, 744 (9th Cir. 1989). It is the government's burden to show special circumstances. Id.

After reviewing the record, the Court finds that, despite Plaintiff's inattentiveness to this case, an outright denial of fees is unwarranted. As Defendant appears to accept, Plaintiff was the prevailing party, and the ALJ failed to call a witness as required by law; thus the ALJ's decision was not substantially justified. Gutierrez v. Barnhart, 274 F.3d 1255 (2001) ("A substantially justified position must have a reasonable basis both in law and fact."); Flores v. Shalala, 49 F.3d 562, 569 (9th Cir.1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA."). The Court recognizes that had Plaintiff not filed this case challenging the ALJ's decision, her attempt to secure benefits would now be at an end. Cases where a court outright denied EAJA fees under the "special circumstances" rationale are distinguishable, as the Court finds counsel's negligence to be less egregious than in those cases. See, e.g., Webb v. Astrue, 525 F.Supp.2d 1329 (N.D. Ga. 2007) (denying attorney's fees where the "origin of the litigation was plaintiff's own negligence."); Wimpy v. Barnhart, 350 F.Supp.2d 1031, 1034–36 (N.D. Ga. 2004) (same); McKay v. Barnhart, 327 F. Supp. 2d 263 (S.D.N.Y. 2004) (denying fees where the plaintiff obtained the same benefit offered by defendant in stipulation to remand, as plaintiff's rejection

was unreasonable and remand was the court's ultimate remedy); Bryant v. Apfel, 37 F.Supp.2d 210, 213–14 (E.D.N.Y. 1999) (attorney's failure to produce crucial medical records to the court skewed the outcome); Dubose v. Pierce, 579 F. Supp. 937 (D. Conn. 1984) (attorney misconstrued his employment status to the court).

Instead, Plaintiff's case compares favorably to McCullough v. Astrue, 565 F.Supp.2d 1327 (M.D. Fl. 2008), and Meyler v. Commissioner of Social Sec., 2008 WL 2704831 (D.N.J. July 7, 2008). In the former case, the Court agreed with defendant that had plaintiff's counsel not negligently omitted certain evidence before the ALJ, a review by the district court would not have been warranted. McCullough, 565 F.Supp.2d at 1330. However, plaintiff was represented by different counsel in the action before the ALJ, so the court would not punish plaintiff and his current counsel for mistakes of the former attorney. Id. In Meyler, the district court confronted a situation where plaintiff's counsel flagrantly violated local rules and otherwise did not display "appropriate professional behavior." 2008 WL 2704831 at *2. The court stated that "[d]espite the persistent pattern of misconduct by [] counsel . . . special circumstances [do not] exist to justify a complete denial of attorney's fees." Id. Here, like McCullough, Plaintiff's Counsel took on this case to correct errors of another, and like Meyler, Counsel's efforts won Plaintiff another chance to obtain benefits, despite the inappropriate professional behavior. Thus, an outright denial of benefits is unwarranted.

However, it does appear that a reduction in fees is appropriate, given Counsel's negligence. The court in Meyler reduced the fees granted by discounting all hours expended on the offending filings. Id. at *3. Here, the billing statement submitted asserts that after the administrative record was filed in June of 2018, Counsel downloaded the documents and began preparing the motion for summary judgment. (ECF No. 22–2.) As the docket indicates, though, Counsel was sanctioned for failing to comply with the scheduling order, and the motion for summary judgment was not submitted until February of 2019—over seven months after the administrative transcript was filed—with no requests for extension of time requested. (ECF Nos. 14, 15.) Importantly, Counsel for Defendant submitted a declaration stating that when she contacted Plaintiff's Counsel in December of 2018 about the delay, Plaintiff's Counsel said the

case had "fallen off his radar." (ECF No. 24–1 at ¶ 7.) Plaintiff's Counsel stated he had a draft ready on August 8, 2018, but had never finalized it. (Id.) Plaintiff did not reply to this declaration, so the Court considers Defense Counsel's recollections as accurate. It appears counsel did not work on the case between October and December of 2018, and began finalizing the motion in January of 2019. Thus, it appears that Plaintiff's Counsel has submitted unreasonable billing statements for the period between August 8 and January of 2019; the Court discounts these line items in their entirety. See 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."); Meyler, 2008 WL 2704831 at *3 (reducing fee award for time spent on filings that the court found to contain "ad hominem attacks and offensive language", which required striking the filings and resulted in a delay in the proceedings). This results in a reduction of $3,093.98 (for line items from August 21, 2018, through October 29, 2018).

Further, the Court deducts the following time spent on purely clerical or secretarial tasks (such as receiving and preparing files; receiving routine case e-mails; and reviewing routine notices and filings, such as answers, notices of appearance, and orders granting pro hac vice applications): 0.2 hours reviewing email of documents (November 8, 2017) for $26; 0.3 hours downloading administrative record (June 25, 2018) for $60.23; and 0.2 hours of duplicative paralegal time (January 28, 2019) for $26. Kirk v. Berryhill, 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." (citing Missouri v. Jenkins, 491 U.S. 274, 288 n.10, (1989)) and Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009)); see also Samuel v. Barnhart, 316 F. Supp. 2d 768, 782–83 (E.D. Wis. 2004) (reducing time on billing statement where attorney and paralegal appeared to bill for the same service).

Thus, a total reduction of $3,206.21 is in order. The remainder of the fees, as well as all expenses, are consistent with the result obtained, given that Plaintiff obtained a favorable judgment remanding the case for further administrative proceedings. See Costa v. Comm'r of

Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (reminding that in assessing EAJA requests, a court should defer to counsel's "professional judgment as to how much time he was required to spend on the case.").

Finally, the Court notes that Plaintiff has executed an assignment of EAJA fees to Plaintiff's Counsel. (ECF No. 24-3.) However, the EAJA award must be made by this Court to Plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's Counsel.

### **ORDER**

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (ECF No. 22) is GRANTED IN PART; and
2. Plaintiff is awarded attorneys' fees and expenses in the total amount of $4,274.32. If the government determines that Plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of Plaintiff's Counsel.

IT IS SO ORDERED.

Dated: July 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE